United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD L. OLIVER,<br><br>    Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF THE NAPA COUNTY, DEPT E, HONORABLE JUDGE RODNEY STONE,<br><br>    Defendants. | No. C 09-2496 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a state prisoner. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff contends that the defendant judge enhanced his sentence for a twenty-one year old conviction, thereby causing him to have to serve eighty percent of the sentence rather than fifty percent of it. He asks this court to "amend" his sentence. This claim goes to the length of his confinement and thus can be brought only in a habeas corpus action, after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This complaint therefore will be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus).

### CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July   16  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\OLIVER2496.DSM.wpd